UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA,    )
                             )
              Plaintiff,     )
                             )
v.                           )        No. 3:25-CR-75-TAV-JEM
                             )
ODIE EUGENE GRIFFITH,        )
                             )
              Defendant.     )

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Odie Eugene Griffith's Unopposed Motion to Continue All Deadlines and Trial [Doc. 19], which he filed on March 31, 2026.

Defendant Griffith asks the Court to continue relevant deadlines and trial in his case set for May 5, 2026, by approximately 120 days [*Id.*]. In support, Defendant states he is currently serving a state sentence [*Id.* ¶ 1]. Defendant explains that new Government counsel entered appearance in this case on March 3, 2026, and is working to reach a resolution with his counsel [*Id.* ¶¶ 2–3]. Defendant asserts a continuance permits the parties an opportunity to make a full resolution of all pending issues and will serve the ends of justice in that the need for additional time to prepare the case outweighs the best interests of the public and Defendant in a speedy trial [*Id.* ¶ 4].

Defendant acknowledges he understands his speedy trial rights and that the period of time between the filing of his motion for continuance and the rescheduled court date will be fully excludable for speedy trial purposes [*Id.* ¶ 5]. Defendant's motion also reflects that the Government does not oppose the requested continuance [*Id.* ¶ 6].

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweighs the interests of the defendants and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Specifically, Defendant's counsel and new counsel for the Government need additional time to continue discussions regarding a resolution, and, if necessary, prepare for trial. The Court finds that this cannot occur before the May 5, 2026 trial date.

The Court therefore **GRANTS** Defendant's Unopposed Motion to Continue All Deadlines and Trial [**Doc. 19**]. The trial date is reset to **September 1, 2026**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on March 31, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant's Unopposed Motion to Continue All Deadlines and Trial [**Doc. 19**] is **GRANTED**;

(2) the trial date is reset to commence on **September 1, 2026, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **March 31, 2026**, and the new trial date of **September 1, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **August 3, 2026**;

(5) the deadline for filing motions *in limine* is **August 17, 2026**, and responses to motions *in limine* are due on or before **August 25, 2026**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **August 18, 2026, at 11:30 a.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **August 21, 2026**.

**IT IS SO ORDERED.**

ENTER:

_____
Jill E. McCook
United States Magistrate Judge

3